IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ALLEN WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-73E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BRL TACKLE INC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendant Jeffrey Blood's Motion to extend his answer deadline (**Doc. 25**) is **GRANTED**, and his answer deadline will, as appropriate, be set by future order. Also, Blood's Motion (Doc. 23) for leave to file a third-party complaint will be denied, consistent with the following.

This case is not a complicated one, nor is it particularly high-value. *See* Am. Compl. (Doc. 22) at ¶ 34 (claiming $77,455.00 in liquidated sums). In October 2019, Plaintiff signed an employment agreement with what he believed to be an existing corporation, Defendant BRL. *See generally* Doc. 22-1. Blood, who was believed to be a vice-president of BRL, signed on behalf of the company. *See id.* Plaintiff claims he worked pursuant to the employment agreement, and he wants to be paid. *See generally* Am. Compl. BRL and its president (Defendant Dan Bensur) now assert that, because the company had not yet come into existence, there is no enforceable contract. They wish to lay the payment-obligation, if any, at Blood's feet.

At the same time BRL answered the Amended Complaint, it filed a declaratory judgment action in Illinois state court (its place of incorporation), against Blood. *See* Doc. 29-1. Among other things, BRL alleges that Blood acted unilaterally, and in breach of fiduciary duty,

in his dealings with Plaintiff.  *See, e.g., id.* at ¶¶ 9-10.  The docket in the Illinois court is not, to this Court's knowledge, available by public source.  Blood indicates that he has not been served, *see* Doc. 30 at 2, and the undersigned is left to wonder whether the state court has personal jurisdiction over him.[1]

For his part, Blood seeks leave to file third-party claims against BRL's remaining shareholders (numbering four, other than Blood).  Unsurprisingly, it is his position that monies due Plaintiff, if any, should be paid by someone other.

BRL's request that this Court stay, or defer, to the Illinois state tribunal is rejected out of hand.  The present litigation was first-filed, and an application of *Colorado River* abstention, which is very narrowly drawn, would be error.  More generally, this case's expansion into a second forum seems hard to justify, given the amounts in dispute and the matters at hand.[2]

It seems obvious that, should the case(s) proceed as counsel have envisioned/proposed, attorney's fees quickly can be expected to outpace putative liability.  Under the circumstances, Blood's Motion (**Doc. 23**) for leave to file a third-party complaint is **DENIED WITHOUT PREJUDICE**, and a telephonic status conference will be held to discuss how best to proceed.

In advance of the conference, counsel shall consult with their clients to discuss whether it makes sense to move the mandatory-ADR process to the fore.  Should all parties be in agreement, the Court will allow that to fulfill their obligations under Local Rule 16.2 (discussing this District's ADR Program requirements).

---

[1] All indications are that Blood is domiciled is Pennsylvania.  *See* Compl. (Doc. 1) at caption; *see* Doc. 29-1 at ¶ 2 (alleging, upon information and belief, that Blood resides in Cranberry Township).

[2] Plaintiff is not a party to the Illinois action.  To the extent that BRL has other axes to grind with Blood, the Court does not agree that Plaintiff's claims must be taken along for the ride.

Consistent with the foregoing, a Telephonic Status Conference is set for **April 1, 2022, at 2:15 p.m.** Counsel for all parties, and only counsel, shall be in attendance. Counsel are directed to call USA Toll-Free Number **(877) 336-1831**. In the event of a prolonged busy signal, counsel are directed to call (404) 443-6397. The Access Code is **6058460**, for both telephone numbers. **A security code will be emailed to counsel no later than 24 hours in advance of the Conference.** Also, **should any participant in this case wish to be addressed by a particular pronoun or title, responsible counsel promptly shall email Bissoon_External@pawd.uscourts.gov, indicating the specified participant's pronoun and/or title preferences (*i.e.*, he, she, they etc., and/or Mr., Ms., Mrs., Mx. etc.).**

Finally, counsel must familiarize themselves with the Practices and Procedures of the undersigned on the Courts website (see web page at https://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge), and they will be held responsible for complying with the same.

IT IS SO ORDERED.

March 21, 2022                              s/Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record